**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Dana M. Cimera (*admission pending*)
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

<div align="center">

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

</div>

| | |
|---|---|
| **ELVIS ISRAEL GUERRERO CASTRO,** individually and on behalf of all others similarly situated, <br><br> <div align="center">**Plaintiff,**</div> <br> **-against-** <br><br> **METALLINE FIRE DOOR CO., INC., WILLIAM RODRIGUEZ, individually, and LYDIA RODRIGUEZ, individually,** <br><br> <div align="center">**Defendants.**</div> | **No:** 17-cv-3322 <br><br><br> <div align="center">**CLASS ACTION COMPLAINT**</div> |

Elvis Israel Guerrero Castro ("Guerrero" or "Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

<div align="center">

### NATURE OF THE ACTION

</div>

1.     This lawsuit seeks to recover agreed upon wages, overtime compensation and other damages for Plaintiff and his similarly situated co-workers – factory workers, and other non-exempt workers (collectively, "Non-Exempt Workers") – who work or have worked for Metalline Fire Door located in the New York City ("Metalline Fire Door").

2.     Owned and operated by Metalline Fire Door Co., Inc., William Rodriguez, and Lydia Rodriguez (collectively, "Defendants"), Metalline Fire Door manufactures and wholesales doors and related hardware.

3.     In order to provide products to their clients, Metalline Fire Door employs Non-

<div align="center">1</div>

Exempt Workers who are responsible for manufacturing doors and hardware at their factories in the Bronx.

4.    Defendants at all times has compensated Plaintiff and other Non-Exempt Workers on an hourly rate basis.

5.    Despite being non-exempt employees, Metalline Fire Door has failed to properly pay Plaintiff and other Non-Exempt Workers overtime compensation at 1.5 times their regular rate of pay when they work over 40 hours per week.

6.    Plaintiff brings this action on behalf of himself and all other similarly situated Non-Exempt Workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b).

7.    Plaintiff also brings this action on behalf of himself and all other similarly situated Non-Exempt Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

**Plaintiff**

**Elvis Israel Guerrero Castro**

8.    Guerrero is an adult individual who is a resident of Bronx, New York.

9.    Guerrero was employed by Metalline Fire Door as a factory worker from approximately August 6, 1999 through February 2017

10.    Guerrero is a covered employee within the meaning of the FLSA and the NYLL.

11.    A written consent form for Guerrero is being filed with this Class Action Complaint.

**Defendants**

12.     Defendants jointly employed Plaintiff and similarly situated employees at all times relevant.

13.     Each Defendant has had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

14.     During all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA and the NYLL.

**Metalline Fire Door Co., Inc.**

15.     Together with other Defendants, Metalline Fire Door Co., Inc. has owned and/or operated Metalline Fire Door during the relevant time period.

16.     Metalline Fire Door Co., Inc. is a domestic for-profit corporation organized and existing under the laws of New York.

17.     Upon information and belief, Metalline Fire Door Co., Inc.'s principal executive office is located at 4110 Park Ave, Bronx, New York 10457.

18.     Metalline Fire Door Co., Inc. is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

19.     At all times relevant, Metalline Fire Door Co., Inc. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

20.     Metalline Fire Door Co., Inc. applies the same employment policies, practices, and procedures to all Non-Exempt Workers in its operation, including policies, practices, and procedures with respect to payment of overtime compensation.

21.     Upon information and belief, at all relevant times, Metalline Fire Door Co., Inc. has had an annual gross volume of sales in excess of $500,000.

**William Rodriguez**

22.     Together with other Defendants, William Rodriguez ("William Rodriguez") has owned and/or operated Metalline Fire Door during the relevant time period.

23.     Upon information and belief, William Rodriguez is a resident of the State of New York.

24.     At all relevant times, William Rodriguez has been a co-owner and co-operator of Metalline Fire Door.

25.     According to the New York Secretary of State – Division of Corporations, William Rodriguez is identified as the "Principal Executive Officer" for Metalline Fire Door Co., Inc.

26.     William Rodriguez maintains a direct and significant management role in Metalline Fire Door.

27.     At all relevant times, William Rodriguez has had the power over payroll decisions at Metalline Fire Door, including the power to retain time and/or wage records. In that regard, William Rodriguez set Plaintiff's rate of pay and authorized his raise.

28.     At all relevant times, William Rodriguez has been actively involved in managing the day to day operations of Metalline Fire Door. In that regard, William Rodriguez hired and fired Plaintiff.

29.     At all relevant times, William Rodriguez has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees at Metalline Fire Door.

30.     At all relevant times, William Rodriguez has had the power to transfer the assets and/or liabilities of Metalline Fire Door.

31.     At all relevant times, William Rodriguez has had the power the declare bankruptcy on behalf of Metalline Fire Door.

32.     At all relevant times, William Rodriguez has had the power to enter into contracts on behalf of Metalline Fire Door.

33.     At all relevant times, William Rodriguez has had the power to close, shut down, and/or sell Metalline Fire Door.

34.     William Rodriguez is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

**Lydia Rodriguez**

35.     Together with other Defendants, Lydia Rodriguez ("Lydia Rodriguez") has owned and/or operated Metalline Fire Door during the relevant time period.

36.     Upon information and belief, Lydia Rodriguez is a resident of the State of New York.

37.     At all relevant times, Lydia Rodriguez has been a co-owner and co-operator of Metalline Fire Door.

38.     According to the New York Secretary of State – Division of Corporations, Lydia Rodriguez is identified as the "Chief Executive Officer" for Metalline Fire Door Co., Inc.

39.     Lydia Rodriguez maintains a direct and significant management role in Metalline Fire Door.

40.     At all relevant times, Lydia Rodriguez has had the power over payroll decisions at Metalline Fire Door, including the power to retain time and/or wage records. In that regard, Lydia Rodriguez paid Plaintiff each week.

41.     At all relevant times, Lydia Rodriguez has been actively involved in managing the day to day operations of Metalline Fire Door.

42.     At all relevant times, Lydia Rodriguez has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees at Metalline Fire Door.

43.     At all relevant times, Lydia Rodriguez has had the power to transfer the assets and/or liabilities of Metalline Fire Door.

44.     At all relevant times, Lydia Rodriguez has had the power the declare bankruptcy on behalf of Metalline Fire Door.

45.     At all relevant times, Lydia Rodriguez has had the power to enter into contracts on behalf of Metalline Fire Door.

46.     At all relevant times, Lydia Rodriguez has had the power to close, shut down, and/or sell Metalline Fire Door.

47.     Lydia Rodriguez is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

48.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

49.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

50.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants conduct business in this District.

## COLLECTIVE ACTION ALLEGATIONS

51.      Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who work or have worked as Non-Exempt Workers for Metalline Fire Door who elect to opt-in to this action (the "FLSA Collective").

52.      Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

53.      Consistent with Defendants' policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper premium overtime compensation of 1.5 times their regular rates of pay for all hours worked beyond 40 per workweek.

54.      All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

55.      As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the FLSA Collective, proper premium overtime wages for all hours worked in excess of 40 hours per workweek.

## CLASS ACTION ALLEGATIONS

56.      Plaintiff brings the Second, Third, Fourth, and Fifth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as Non-Exempt Workers for Metalline Fire Door in New York between May 4, 2011 and the date of final judgment in this matter (the "Rule 23 Class").

57.     The Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

58.     There are more than fifty Rule 23 Class Members.

59.     Plaintiff's claims are typical of those claims that could be alleged by any Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class Member in separate actions.

60.     Plaintiff and the Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.  Defendants' corporate-wide policies and practices affected all Rule 23 Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class Members.

61.     Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class Members and has no interests antagonistic to the Rule 23 Class Members.

62.     Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented many Plaintiff and classes in wage and hour cases.

63.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

64.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiff and the Rule 23 Class Members individually and include, but are not limited to, the following:

    (a)  whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 per workweek;

    (b)  whether Defendants failed to furnish Plaintiff and the Rule 23 Class with proper annual wage notices, as required by the NYLL;

    (c)  whether Defendants failed to furnish Plaintiff and the Rule 23 Class with accurate statements with every payment of wages, as required by the NYLL;

    (d)  the nature and extent of class-wide injury and the measure of damages for those injuries.

## PLAINTIFF'S FACTUAL ALLEGATIONS

65.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Elvis Guerrero**

66.     Guerrero was employed by Defendants as a factory worker performing manual labor, from approximately August 6, 1999 through February 2017. During his employment, Guerrero performed work at Defendants factory located at 4235 Park Ave in the Bronx.

67.     During his employment, Guerrero generally worked over 40 hours per week, unless he missed time for vacation, sick days or holidays, or obtained additional shifts. On average, he generally would work 5 days per week, from approximately 6:30 a.m. to at least 5:00 p.m. (for approximately 50 to 60 hours per week).

68.     Additionally, once every other month Guerrero would work on a Saturday.

69.     Despite regularly working over 40 hours per workweek, Defendants failed to

compensate Guerrero with proper overtime compensation of 1.5 times his regular rate of pay for all hours he was suffered or permitted to work.

70.     Throughout his employment, Guerrero received weekly pay stubs from Defendants that did not properly record and/or compensate him for all of the hours that he worked.

71.     Upon information and belief, Defendants failed to compensate Guerrero for hours worked before and/or after the factory's regular business hours.

72.     Defendants failed to provide Guerrero with proper annual wages notices as required by the NYLL.

73.     Defendants failed to provide Guerrero with accurate wage statements as required by the NYLL.

### *Plaintiff was Subjected to Discrimination Based on His Disability*

74.     From approximately August 6, 1999 through February 2017, Guerrero worked as a factory worker performing manual labor for Metalline Fire Door. At all times relevant, Guerrero performed his job duties competently.

75.     On approximately December 6, 2016, Guerrero underwent surgery related to an internal hernia.

76.     On approximately December 7, 2016, Guerrero notified William Rodriguez of the surgery and his condition. Thereafter, William Rodriguez visited Guerrero in the hospital. William Rodriguez visited Guerrero in the hospital again, on approximately December 15, 2016. During this visit, William Rodriguez informed Guerrero that he needed him back at work soon.

77.     On or around December 20, 2016, Guerrero was released from the hospital. Within the next few days, Guerrero went to Metalline Fire Doors' office located at 4110 Park Avenue, Bronx, New York. At this time, William Rodriguez informed Guerrero that he would need a doctor's

note clearing him for work before Guerrero could return to work.

78.     During his recovery, Guerrero provided William Rodriguez with regular updates on his progress.

79.     Guerrero's doctor provided him with a doctors' note that cleared him return to work on February 21, 2017.

80.     Guerrero presented the doctor's note to William Rodriguez, with a Notice of Disability Benefit claim form. At that time, William Rodriguez stated that he had replaced Guerrero and no longer had a position for him.

81.     Guerrero attempted to return to work on February 21, 2017. Upon arrival, William Rodriguez stated that he would not pay Guerrero to paint or perform other manual work that he could not fully perform.

82.     Defendants terminated Guerrero's employment due to his disability in violation of the NYCHRL. Any non-discriminatory rationales for the termination are pretext.

### FIRST CAUSE OF ACTION
#### Fair Labor Standards Act – Overtime Wages
#### (Brought on behalf of Plaintiff and the FLSA Collective)

83.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

84.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of FLSA Collective.

85.     Plaintiff and the FLSA Collective worked in excess of 40 hours during workweeks in the relevant period.

86.     Defendants failed to pay Plaintiff and the FLSA Collective the premium overtime

wages to which they were entitled under the FLSA – at a rate of 1.5 times his regular rate of pay for all hours worked in excess of 40 per workweek.

87.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

<div style="text-align:center">

**SECOND CAUSE OF ACTION**
**New York Labor Law – Overtime Wages**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

</div>

88.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff and the Rule 23 Class.

90.     Defendants failed to pay Plaintiff and the Rule 23 Class the premium overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times their regular rate of pay – for all hours worked beyond 40 per workweek.

91.     Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**New York Labor Law – Failure to Pay Agreed Upon Wages**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

92.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

93.     The wage provisions of Article 6 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff and the Rule 23 Class.

94.     Pursuant to NYLL, Article 6 § 191(1)(d), Defendants are required to pay Plaintiff and the Rule 23 Class the wages they have earned in accordance with the agreed terms of their employment, but not less frequently than semi-monthly, on regular pay days designated in advance by Defendants.

95.     Defendants have failed to pay Plaintiff and the Rule 23 Class the earned wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations, pursuant to the agreed-upon terms of Plaintiff's employment.

96.     Upon information and belief, Defendants fail to pay Plaintiff and the Rule 23 Class for hours worked outside of the factories' regular business hours.

97.     Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their agreed-upon earned wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Annual Wage Notices
### (Brought on behalf of Plaintiff and the Rule 23 Class)

98.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

99.     Defendants have failed to supply Plaintiff and the Rule 23 Class with proper annual wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

100.     Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiff and the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide them with wage notices, or a total of five thousand dollars, and reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

## FIFTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiff and the Rule 23 Class)

101.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

102.    Defendants failed to supply Plaintiff and the Rule 23 Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

103.    Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiff and the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars, and reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-d).

## SIXTH CAUSE OF ACTION
### New York City Human Rights Law – Disability Discrimination
### (Brought on behalf of Plaintiff, Individually)

104.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

105.    Plaintiff is a member of a protected class, within the meaning of the New York City Human Rights Law, N.Y.C. Admin. Code §8-107.

106.    Defendants discriminated against Plaintiff on the basis of his disability, in violation

of the New York City Human Rights Law by terminating Plaintiff's employment following his surgery.

107.    Defendants ultimately terminated Plaintiff due to his disability. Any purported non-discriminatory rationales for Plaintiff's termination are pretext.

108.    Defendants are directly and vicariously liable for said discrimination.

109.    As a direct and proximate result of Defendants' unlawful conduct in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including but not limited to, loss of future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

110.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, as well as emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

111.    The aforesaid conduct of Defendants, their managers, agents and/or employees show a deliberate, willful, wanton and reckless disregard of Plaintiff, and deprived him of his rights under the New York City Human Rights Law, thereby entitling Plaintiff to an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Non-Exempt Workers who are presently, or have at

any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Metalline Fire Door. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E.      Unpaid overtime wages and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F.      Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

G.      Statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff and the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

H.      An award of damages in an amount to be determined at trial, plus prejudgment interest to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

I.       An award of damages in an amount to be determined at trial, plus prejudgment interest to compensate Plaintiff for all non-monetary damages, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress, anxiety, loss of self-esteem, loss of self-confidence, loss of personal dignity, and any other physical and mental injuries;

J.       An award of punitive damages in an amount to be determined at trial;

K.       Prejudgment and post-judgment interest;

L.       Reasonable attorneys' fees and costs of the action; and

M.       Such other relief as this Court shall deem just and proper.


Dated: New York, New York
          May 4, 2016

                                        Respectfully submitted,

                                        _____
                                        Brian S. Schaffer

                                        **FITAPELLI & SCHAFFER, LLP**
                                        Brian S. Schaffer
                                        Dana M. Cimera (*admission pending*)
                                        28 Liberty Street, 30th Floor
                                        New York, NY 10005
                                        Telephone: (212) 300-0375

                                        *Attorneys for Plaintiff and the Putative Class*

## FORMULARIO DE CONSENTIMIENTO DE UNIÓN

1.      Doy mi consentimiento para ser parte demandante en una demanda contra Metalline Fire Door Co., Inc. y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216(b).

2.      Al firmar y devolver este formulario de consentimiento, yo designo Fitapelli & Schaffer, LLP ("La Firma") para representarme y hacer decisiones en mi defensa acerca del caso y cualquier acuerdo extrajudicial. Entiendo que costos razonables hechos en mi defensa serán deducido de cualquier acuerdo extrajudicial o juicio será prorrateado entre todos los otros demandantes. Entiendo que la firma peticionara con la Corte para conseguir los costos de abogado de cualquier acuerdo extrajudicial o juicio en la suma que será el mayor de lo siguiente: (1) la suma "lodestar", que es calculada por multiplicar una tarifa por hora razonable por los números de horas dedicado a la demanda, o (2) 1/3 del total bruto del acuerdo judicial o juicio. Estoy de acuerdo de ser vinculado a cualquier proceso legal de este asunto por la Corte, sea favorable o desfavorable.



Firma (Signature)

ELVIS ISRAEL GUERRERO. CASTRO

Nombre legal completo (Imprenta) (Full Legal Name (Print))