# EXHIBIT A

**SETTLEMENT AGREEMENT**

THIS SETTLEMENT AGREEMENT (hereinafter "this Agreement") is made by and between METALLINE FIRE DOOR CO., INC., WILLIAM RODRIGUEZ and LYDIA RODRIGUEZ (collectively referred to and as further defined in Paragraph 1(a), below, as "Defendants"), and ELVIS ISRAEL GUERRERO CASTRO ("Guerrero") and LUIS MANUEL LOPEZ ("Lopez") (collectively, "Plaintiffs") (together, "the Parties");

WHEREAS, Plaintiffs have alleged certain claims against Defendants by filing a Complaint on May 4, 2017, in the United States District Court for the Southern District of New York in the action entitled, ELVIS ISRAEL GUERRERO CASTRO, individually and on behalf of all others similarly situated, v. METALLINE DIRE DOOR CO., INC., WILLIAM RODRIGUEZ, individually, and LYDIA RODRIGUEZ, individually, Case No. 17-cv-3322 (GHW) (the "Action"), including, inter alia, claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

WHEREAS, Defendants deny all such claims in all respects; and

WHEREAS, the Parties desire to resolve and settle the Action in an amicable manner without the expense of further litigation;

NOW, THEREFORE, the Parties agree as follows:

1. Definitions: For purposes of this Agreement, the following definitions shall apply:

a) The term "Defendants" is defined as Metalline Fire Door Co., Inc., its franchises, subsidiaries, parents, related or affiliated entities, current and former owners, including but not limited to William Rodriguez and Lydia Rodriguez, directors, agents, employees, contractors, representatives, and respective successors, heirs, and assigns.

  b) The term "Plaintiffs" is defined as Elvis Israel Guerrero Castro and Luis Manuel Lopez, the Plaintiffs in the Action.

  c) The term "Parties" refers to Plaintiffs and Defendants, as defined in subsections (a) and (b) above.

  d) The term "Plaintiffs' Claims" is defined as any and all actions, causes of action, suits, debts, sums of money, accounts, liabilities, bonds, bills, covenants, contracts, controversies, agreements, promises, damages, judgments, executions, obligations, taxes, costs and expenses, claims or demands whatsoever, in law or equity, which Plaintiffs might now have, own or hold, or at any time heretofore ever had, owned or held, or could, shall, or may hereafter have, own or hold, whatsoever, upon or by reason of any matter, cause or thing, act or omission, or circumstance whatsoever whether based on civil rights, contract, administrative, tort, negligence, statute or other legal or equitable theory of recovery, whether known or unknown, at any time prior to the execution of this Agreement by Plaintiffs, including, by way of examples and without limiting the broadest application of the foregoing, any actions, causes of action, or claims under any contract or any federal, state or local decisional law, statutes, regulations or constitutions (including, without limitation, the constitutions of the United States and the States of New York), any claims for notice or pay in lieu of notice, or for wrongful or improper discharge or dismissal, or for discrimination, harassment, or retaliation on the basis of race, national origin, religion, sex, age or any other factor (including, without limitation, any claim pursuant to or arising under Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, 42 U.S.C. § 1981, § 1983, or any of the Reconstruction-Era Civil Rights Acts, the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), the Employee Retirement Income and Security Act of 1974, as amended, ("ERISA") (except for claims for

vested ERISA benefits), the Americans with Disabilities Act, as amended, the Rehabilitation Act of 1973 ("ADA"), the Portal to Portal Act of 1947, the National Labor Relations Act ("NLRA"), the Labor Management Relations Act, the Fair Labor Standards Act ("FLSA"), the Family and Medical Leave Act, as amended ("FMLA"), the New York Labor Law ("NYLL"), the New York Administrative Laws, the New York Human Rights Law, the New York Executive Laws, the New York Wage Theft Prevention Act, and any other state, federal or local legislation concerning employment or employment discrimination or any other applicable employment standards or human rights legislation), whether in dismissal, failure to hire, or any other aspect of the employment relationship between the Parties, and any claims, asserted benefits or rights arising by or under contract or implied contract, any alleged oral or written contract or agreement for employment or services, any claims arising by or under promissory estoppel, detrimental reliance, or under any asserted covenant of good faith and fair dealing, and any claims for defamation, fraud, fraudulent inducement, intentional or negligent infliction of emotional harm or distress, negligence, disability, or any other tortious conduct, any willful tort, false imprisonment and battery, injuries or harms, including personal injury, and damages of any kind, whether general, compensatory or punitive in nature, or for suffering or humiliation, anguish or other personal harm, or for severance pay, salary, bonus, commission, relocation expenses, incentive or additional compensation, profit sharing, vacation pay, insurance, benefits, lost profits or business, interest, and/or attorneys' fees, costs, disbursements and the like.

    e)  The Claims set forth above in Paragraphs (d) specifically include any and all claims, whether or not now known or suspected to exist, and whether or not specifically or particularly described in this Agreement for any act, omission, transaction or occurrence in this Agreement that has taken place up to and including the date of execution of this Agreement, and

which concern the employment relationship between the Parties. The Parties expressly waive any right or claim of right to assert later that any claim has, through ignorance, oversight or error, been omitted from the terms of this Agreement, and further expressly waive any right or claim of right they may have under the law of any jurisdiction that releases (such as those given in this Agreement) do not apply to unknown or unstated claims for any act, omission, transaction or occurrence which has taken place up to and including the date of execution of this Agreement. It is the express intent of the Parties to waive any and all claims that they may have against each other, including any which are presently unknown, unsuspected, unanticipated or undisclosed, for any act, omission, transaction or occurrence which has taken place up to and including the date of execution of this Agreement, which concern the employment relationship between the Parties. Any language to the contrary herein notwithstanding, nothing in this Agreement shall operate to bar or limit any claim of Plaintiffs for physical injury made pursuant to the Worker's Compensation Law. This Agreement is not intended to waive claims for Unemployment Insurance benefits, Workers' Compensation benefits, claims that arise after the date the Parties execute this Agreement and/or claims for breach of this Agreement, claims arising under this Agreement and Defendants' obligations hereunder, or a claim under the Older Workers' Benefit Protection Act ("OWBPA") that challenges the validity of the release of any ADEA claim.

      f)    It is understood by the Parties that the facts pursuant to which this Agreement is made may ultimately prove to be other than or different from the facts now known by them to be true. The Parties expressly accept and assume the risks of the facts proving to be different, and agree that all of the terms of this Agreement shall be in all respects effective and not subject to termination or rescission on account of any such difference in facts or for any other reason.

   g) Plaintiffs warrant and represent that no promise or inducement have been offered or made for this Agreement, except as otherwise specifically set forth in this Agreement. Plaintiffs acknowledge that this Agreement is executed without reliance on any statements or any representations, express or implied, not contained in the Agreement, and without express, implied or presumed reliance on any duty such as, but not limited to, a fiduciary duty to speak or inform another concerning any fact or circumstance, and that they have executed this Agreement freely, without coercion or duress, and with the advice of their legal counsel, and that this Agreement reflects the entire understanding among the Parties. The warranties and representations made in this Agreement shall survive the execution and delivery of this Agreement, and shall be binding upon and inure to the benefit of and be enforceable by the Parties, their respective heirs, representatives, successors and assigns.

2. Settlement of Claims: In consideration for the promises and covenants set forth in this Agreement, Defendants shall pay or cause to be paid to Plaintiffs the gross sum of One Hundred Thirty Thousand and 00/100 Dollars ($130,000.00), inclusive of all attorneys' fees and costs (the "Settlement Sum"), in one lump sum payment, as follows:

a) Within thirty (30) calendar days from the date this Agreement is judicially approved, Defendants shall send the entire Settlement Sum to Plaintiffs' counsel, Brian Schaffer, Fitapelli & Schaffer, LLP, 28 Liberty Street, 30th Floor, New York, NY 10005 ("Plaintiffs' counsel"), in the form of five (5) checks, as follows:

i) one (1) check payable to "Elvis Israel Guerrero Castro" in the amount of, Forty Thousand Nine Hundred Eight-Seven Dollars and Twenty-Nine Cents ($40,987.29), less applicable withholdings, representing wages;

      ii) one (1) check payable to "Elvis Israel Guerrero Castro" in the amount of Forty Thousand Nine Hundred Eight-Seven Dollars and Twenty-Nine Cents ($40,987.29), representing liquidated damages, interest penalties, and emotional distress;

      iii) one (1) check payable to "Luis Manuel Lopez" in the amount of One Thousand Nine Hundred Eighty-Nine Dollars and Twenty-Six Cents ($1,983.26), less applicable withholdings, representing wages;

      iv) one (1) check payable to "Luis Manuel Lopez" in the amount of One Thousand Nine Hundred Eighty-Nine Dollars and Twenty-Six Cents ($1,983.26), representing liquidated damages, interest and penalties; and

      v) one (1) check payable to "Fitapelli & Schaffer, LLP." in the amount of Forty-Four Thousand Fifty-Eight Dollars and Ninety Cents ($44,058.90), representing attorneys' fees and costs, for which Defendants shall issue Plaintiffs' Counsel an IRS form 1099.

    b)    Defendants shall issue an IRS form W-2 to Plaintiffs for all payments made by Defendants to Plaintiffs which represent wages. Defendants shall issue an IRS form 1099 to Plaintiffs and Plaintiffs' counsel for all payments made by Defendants to Plaintiffs and Plaintiffs' counsel which represent liquidated damages, interest, and/or attorneys' fees. Defendants shall issue any IRS form W-2 and/or IRS form 1099 to Plaintiffs and/or Plaintiffs' counsel at the same time Defendants issues those forms to its current employees or other individuals/entities for the applicable tax year.

    c)    Defendants will make the aforementioned payments to Plaintiffs pursuant to the W-4, and corresponding social security number or tax identification number, that Plaintiffs

provided to Defendants, which Defendants used to process Plaintiffs' payroll, when Plaintiffs were employed by Defendants.

3. No Admission of Liability: This Agreement does not constitute an admission by Defendants of any unlawful or tortious conduct or any violation of any contract or any federal, state or local decisional law, statute, regulation or constitution, nor does any statement made or action taken by or on behalf of Defendants constitute such an admission. This Agreement is not evidence or proof of any wrongdoing or of an admission regarding any of Plaintiffs' allegations in this Action, and it may not be used for or against any of the Parties hereto in any subsequent litigation, arbitration or other proceeding, except for the express and limited purpose of enforcing the terms of this Agreement.

4. Releases:

a) In consideration of the promises and covenants as set forth in this Agreement and as set forth in Paragraph 2 above, the Parties release and forever discharge each other from any and all Claims as defined in Paragraph 1(d) of this Agreement.

b) The Parties shall submit this Agreement and Stipulation of Dismissal with Prejudice, attached as Exhibit 'A' hereto, to conclude and dismiss the action, with prejudice. In addition, the Parties shall execute all such other documents as are reasonably necessary to terminate any other judicial, administrative or agency proceeding between the Parties, if any.

c) The Parties agree, to the extent permitted by law, that neither they nor anyone acting on their behalf will file any future charge or complaint nor institute any legal action or proceedings at law or in equity related to the Claims released in this Agreement against each other with any federal, state, or local court or agency. In the event any charge or complaint is filed or any action related to the Claims released in this Agreement is pursued by a Party in

this Action, the Parties agree, to the extent permitted by law, not to assign any rights to bring such a charge or complaint to any person or entity. Nothing in this paragraph shall prohibit the Parties from instituting an action to enforce the provisions of this Agreement.

d) Should Plaintiffs be subpoenaed or otherwise be required to appear in any action or to provide any evidence in a proceeding against Defendants, they shall notify Defendants, by providing a copy of the subpoena or other document served on them as set forth in the notice provisions of Paragraph 7 herein. Such notice must be sent within five (5) calendar days of receipt of such subpoena or other document, unless the subpoena or other document requires compliance in less than five (5) calendar days, in which case Plaintiffs shall notify Defendants by facsimile and/or e-mail within one (1) calendar day of receipt.

5. Breach of this Agreement: If Plaintiffs should, after the execution of this Agreement, make, pursue, prosecute, or threaten to make any Claim or allegation, or pursue or commence or threaten to commence any Claim, action, complaint or proceeding against Defendants for or by reason of any cause, matter or thing whatsoever existing up to the present time, this Agreement may be raised as and shall constitute a complete bar to any such Claim, allegation, action, complaint or proceeding. In the event that either party breaches any provision of this Agreement, the Parties agree that either may institute action against the other to specifically enforce any term or terms of this Agreement for which the prevailing party would be entitled to recover its reasonable costs incurred by virtue of defending or prosecuting the same, including reasonable attorneys' fees. Nothing in this paragraph shall limit the Parties from enforcing their rights under this Agreement.

6. Medicare Representations:

a) Plaintiffs represent and acknowledge that (i) they are not Medicare eligible; and (ii) they have not received Social Security Disability Insurance benefits for 24 months or longer; and (iii) no conditional payments have been made by Medicare to Plaintiffs or on their behalf, including payment for any treatment relative to any alleged emotional distress and that their claims against Defendants do not involve any illness, injury, incident, or accident specifically for which medical expenses were, or are expected to be, incurred as a result of any act by Defendants. Accordingly, Plaintiffs affirm that the Centers for Medicare & Medicaid Services, including any related agency or entity representing Medicare's interests (hereafter, "Medicare"), have no interest in the payments under this Agreement.

b) Plaintiffs understand and agree that, in specific reliance upon their representations above, Defendants will agree to release the full settlement proceeds to Plaintiffs without prior confirmation from Medicare regarding the existence of claims for recovery by, or reimbursement to, the appropriate Trust Fund(s) for conditional payments made, or to be made by, Medicare for covered items and services (or any portion thereof), pursuant to 42 U.S.C. § 1395y, et seq., and corresponding regulations and guidance (commonly referred to as the "Medicare Secondary Payer" laws). In specific consideration for that agreement, Plaintiffs agree to indemnify and hold harmless the Released Parties from all costs and expenses incurred on account of any claims, liens, subrogation interests, demands, rights, or causes of action asserted against the Released Parties by Medicare, including any entity acting by, though, or on behalf of Medicare, that are related in any manner to the Claims released by Plaintiffs in this Agreement and/or the payments paid to Plaintiffs under this Agreement.

7. Notices: Notification of any event to Defendants required pursuant to this Agreement shall be deemed provided if sent in writing by email, as is required by this

Agreement, addressed as follows: Ilan Weiser, Esq., Greenwald Doherty LLP, E-Mail: firm@greenwaldllp.com and iw@greenwaldllp.com, or to Plaintiffs, addressed as follows: Brian Schaffer, Fitapelli & Schaffer, LLP, 28 Liberty Street, 30th Floor, New York, NY 10005., E-Mail: bschaffer@fslawfirm.com.

8. Entire Agreement: This Agreement embodies the entire agreement and understanding of the Parties regarding the matters discussed herein, and may not be modified, nor may any of its provisions be waived, except by an express written Agreement signed by all Parties hereto and evidencing an intent to modify this Agreement. The failure of any party to this Agreement to insist in any one or more instances upon the strict performance of any of the terms or provisions of this Agreement shall not be construed as a waiver or relinquishment for the future enforcement of any such term or provision.

9. Jurisdiction: The substantive laws of the State of New York shall govern the validity, construction, enforcement and interpretation of this Agreement and exclusive venue for any dispute between the parties shall be the United States District Court for the Southern District of New York. The Dismissal provides that the District Court shall retain jurisdiction over the action for the purposes of enforcing the terms of this Agreement.

10. Binding Effect/Severability: Except as otherwise provided, this Agreement shall inure to the benefit of and shall be binding upon the Parties hereto, their personal representatives, successors, heirs, and assigns. If any provision or part of a provision of this Agreement is found to be in violation of law or otherwise unenforceable in any respect, the remainder of this Agreement shall not be affected thereby and each remaining provision or part of this Agreement shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

11. Captions/Delay: The captions and headings in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement. No failure or delay by Plaintiffs or Defendants in exercising any right, power, or privilege under this Agreement shall operate as an election nor a waiver of such right, power or privilege, nor shall any single or partial exercise of such right, power and privilege preclude any subsequent exercise in law, in equity or otherwise.

12. Counterparts: This Agreement may be executed in counterparts, each of which shall serve as an original as against any party who signed it, and both of which taken together shall constitute one and the same document. A copy of a Party's signature on this Agreement shall be accepted in any action against that party to enforce this Agreement.

13. Review and Consideration of Agreement; Rescission Rights; Effective Date: Plaintiffs have been given a period of twenty-one (21) days from receipt of this Agreement to review and consider this Agreement before signing it (the "Consideration Period"). If Plaintiffs sign this Agreement prior to the conclusion of the twenty-one (21) day period, the balance of that period will be considered waived. Plaintiffs may also rescind this Agreement up to seven (7) days after Plaintiffs sign it ("Rescission Period") by submitting a written rescission notice to Defendants' counsel, by certified mail and E-Mail, Ilan Weiser, Greenwald Doherty LLP, 630 Third Avenue, Suite 704, New York, NY 10017 and iw@greenwalddllp.com or firm@greenwaldllp.com, which is to be received by Defendants' counsel before the close of business on the seventh (7th) day. Plaintiffs will not be entitled to receive the Settlement Sum until the Rescission Period has expired. This Agreement becomes effective on the 8th day after it is signed by both Plaintiffs and not rescinded ("the Effective Date"), and is approved by the court presiding over this Action. If the last day of the Consideration Period falls on a Saturday,

Sunday or Holiday, the last day of the Consideration Period shall be the next business day following the weekend or Holiday.

14. Representations by Plaintiffs: Each Plaintiff hereby represents and acknowledges that: (a) he has carefully read the Agreement and understands its terms; (b) he has had at least twenty-one (21) days to consider this Agreement prior to signing it; (c) he has been advised to and has consulted with an attorney regarding this Agreement; (d) the consideration provided in this Agreement is sufficient to support the releases in this Agreement; (e) he knows that he is giving up important rights; and (f) he is signing this Agreement voluntarily and of his own free will.

**I HAVE READ AND UNDERSTAND THIS AGREEMENT. I UNDERSTAND THAT BY SIGNING IT, I AM GIVING UP IMPORTANT RIGHTS. I HAVE HAD AN OPPORTUNITY TO CONSULT WITH COUNSEL OF MY CHOOSING AND HAVE DONE SO TO THE EXTENT I DESIRED. I AM SIGNING THIS AGREEMENT VOLUNTARILY AND OF MY OWN FREE WILL.**

Elvis Israel Guerrero Castro

Date: 10/5/2017

Luis Manuel Lopez
Date: ____________

Lydia Rodriguez – President
On behalf of Metalline Fire Door Co., Inc. and herself, individually.

Date: 10/20/17

William Rodriguez – Vice President
On behalf of Metalline Fire Door Co., Inc. and himself, individually.

Date: 10/20/17

business on the seventh (7th) day. Plaintiffs will not be entitled to receive the Settlement Sum until the Rescission Period has expired. This Agreement becomes effective on the 8th day after it is signed by both Plaintiffs and not rescinded ("the Effective Date"), and is approved by the court presiding over this Action. If the last day of the Consideration Period falls on a Saturday, Sunday or Holiday, the last day of the Consideration Period shall be the next business day following the weekend or Holiday.

14. Representations by Plaintiffs: Each Plaintiff hereby represents and acknowledges that: (a) he has carefully read the Agreement and understands its terms; (b) he has had at least twenty-one (21) days to consider this Agreement prior to signing it; (c) he has been advised to and has consulted with an attorney regarding this Agreement; (d) the consideration provided in this Agreement is sufficient to support the releases in this Agreement; (e) he knows that he is giving up important rights; and (f) he is signing this Agreement voluntarily and of his own free will.

**I HAVE READ AND UNDERSTAND THIS AGREEMENT. I UNDERSTAND THAT BY SIGNING IT, I AM GIVING UP IMPORTANT RIGHTS. I HAVE HAD AN OPPORTUNITY TO CONSULT WITH COUNSEL OF MY CHOOSING AND HAVE DONE SO TO THE EXTENT I DESIRED. I AM SIGNING THIS AGREEMENT VOLUNTARILY AND OF MY OWN FREE WILL.**

____________________________
Elvis Israel Guerrero Castro

Date: ________________________

Luis Lopez
Luis Manuel Lopez

Date: 10/20/17

Lydia Rodriguez
Lydia Rodriguez President
On behalf of Metalline Fire Door Co., Inc. and herself, individually.

*****THIS PAGE HAS BEEN LEFT INTENTIONALLY BLANK*****

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ELVIS ISRAEL GUERRERO CASTRO, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

METALLINE FIRE DOOR CO, INC, William Rodriguez, individually and Lydia Rodriguez, individually,

Defendants.

**Case No:17-CV-3322 (DCF)**

**STIPULATION OF DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel, that the above-entitled action, and all claims asserted therein, be dismissed with prejudice. The Court will retain jurisdiction of this matter for the sole purpose of enforcing the Settlement Agreement.

Dated: 10/20/17

FITAPELLI & SCHAFFER, LLP
Attorneys for Plaintiffs
28 Liberty Street, 30th Floor
New York, NY 10005

By: Brian Schaffer
Brian S. Schaffer, Esq.
bschaffer@fslawfirm.com

Dated: 10/20/17

GREENWALD DOHERTY
Attorneys for Defendants
630 Third Avenue, Suite 704
New York, NY 10017

By: ______
Ilan Weiser, Esq.
IW@greenwaldllp.com

So Ordered.
HON. DEBRA FREEMAN
U.S.M.J.