UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/27/17
```

ELVIS ISRAEL GUERRERO CASTRO,
individually and on behalf of all others similarly
situated,

                          Plaintiff,

-against-

METALLINE FIRE DOOR CO., INC.,
WILLIAM RODRIGUEZ, individually, and
LYDIA RODRIGUEZ, individually,

                          Defendants.

17cv03322 (DF)

**ORDER OF DISMISSAL**

**DEBRA FREEMAN, United States Magistrate Judge:**

      In this wage-and-hour litigation, brought under the Fair Labor Standards Act ("FLSA") and New York Labor Law and before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties have placed a proposed settlement agreement before the Court for its approval. (*See* Dkt. 22-1; *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements).) After the parties submitted a joint letter to the Court, detailing why they believed their proposed settlement agreement was fair, reasonable, and adequate (Dkt. 22), the Court informed the parties that it would not approve the proposed agreement to the extent it contained a general release by named plaintiff Elvis Israel Guerro Castro and proposed opt-in plaintiff Luis Manuel Lopez Castillo[1] (together, for purposes of the proposed settlement, "Plaintiffs"). In a telephone conference with

---

[1] In the parties' proposed settlement agreement, this additional plaintiff is identified as "Luis Manuel Lopez" (*see* Dkt. 22-1), even though the Spanish-language form that was filed with the Court, apparently to demonstrate this individual's consent to opt in to an FLSA collective (assuming one was eventually certified) shows his full name to be "Luis Manuel Lopez Castillo" (*see* Dkt. 15).

the Court on November 27, 2017, counsel for all parties then represented to the Court that, in order to address the Court's concerns, the parties would agree to limit the scope of the release to cover only those claims that were asserted, or that could have been asserted, in this action. The Court has therefore proceeded to review the parties' submissions in order to determine whether the proposed agreement, as so modified, would represent a reasonable compromise of the claims raised in this case. In light of the totality of the relevant circumstances, including the remaining terms of the proposed settlement agreement and the representations made in the parties' joint letter regarding the strengths of their claims and defenses, it is hereby ORDERED that:

1. In accordance with counsel's representations, the Court deems Paragraph 4(a) of the parties' proposed settlement agreement to be modified to read as follows:

> In consideration of the promises and covenants as set forth in this Agreement and as set forth in Paragraph 2 above, the Parties release and forever discharge each other from any and all Claims as defined in Paragraph 1(d) of this Agreement, to the extent such Claims were asserted, or could have been asserted, in this Action.

2. With this modification, the Court finds that the terms of the proposed settlement agreement (Dkt. 22-1) are fair, reasonable, and adequate, both to redress Plaintiffs' claims in this action and to compensate Plaintiffs' counsel for their legal fees, and the parties' settlement is therefore approved.

3. The Court notes that the parties have executed a stipulation of dismissal of this action with prejudice (*see* Exhibit A to the proposed settlement agreement), which recites that "[t]he Court will retain jurisdiction of this matter for the sole purpose of enforcing the Settlement Agreement" (*see also* paragraph 9 of the proposed settlement agreement (referencing this language)). In light of this, and in order to effectuate the evident intent of the parties, this Court will retain jurisdiction over this matter for the purpose of enforcing the settlement.

4. As a result of the Court's approval of the parties' executed settlement agreement, as deemed modified by this Order with the parties' consent, this action is hereby discontinued with prejudice and without costs or fees to any party.

5. The Clerk of Court is directed to close this case on the Docket of the Court.

Dated: New York, New York
       November 27, 2017

SO ORDERED

*[signature]*
DEBRA FREEMAN
United States Magistrate Judge

<u>Copies to:</u>

All counsel (via ECF)